United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2175WM

_____

David Duvall,                         *
                                      *
            Appellant,                *    Appeal from the United States
                                      *    District Court for the Western
    v.                                *    District of Missouri.
                                      *
Jeffrey Elnicki; Karen Misjak;        *          [UNPUBLISHED]
John Doe, 1 thru 5,                   *
                                      *
            Appellees.                *

_____

Submitted:  February 7, 1997

Filed:    February 21, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     In this 42 U.S.C. § 1983 action, David Duvall claimed that
Jeffrey Elnicki and Karen Misjak conspired to violated Duvall's
First Amendment rights by refusing to service his student loan and
denying him access to public records under the control of the
Missouri Coordinating Board for Higher Education (CBHE), in
retaliation for his filing a state-court lawsuit against the CBHE.
Duvall contends the district court improperly granted Elnicki's and
Misjak's summary judgment motions.  Having carefully reviewed the
record, we conclude the district court correctly ruled that Elnicki
was absolutely immune from suit for his advocacy functions as a
state assistant attorney general and that Misjak and Elnicki (to
the extent Duvall's claims did not involve Elnicki's advocacy
functions) were entitled to summary judgment on qualified immunity
grounds.  We also agree with the district court that Duvall's
conspiracy allegations are conclusory and insufficient to establish

a meeting of the minds on the part of Elnicki and Misjak to violate Duvall's constitutional rights.  Finally, contrary to Duvall's view, the district court implicitly denied Duvall's motion for additional discovery under Federal Rule of Civil Procedure 56(f) and did not abuse its discretion in making the ruling.  We thus affirm the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.